UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-200 JVS (DFMx) | Date | March 3, 2021 |
| Title | Aviation Consultants, Inc. v. Delux Public Charter, LLC et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion to Remand**

Before the Court is Plaintiff Aviation Consultants, Inc.'s ("Aviation") motion to remand the case to Superior Court for the County of Orange. Mot., ECF No. 13. Defendant Delux Public Charter, LLC ("Delux") filed an opposition. Opp'n, ECF No. 15. Aviation responded. Reply, ECF No. 16.

For the following reasons, the Court **DENIES** the motion.

### I. BACKGROUND

This is a landlord-tenant dispute. Aviation is the sub-lessor of 19301 Campus Drive, Suites 152, 156, and 265 and ramp space at John Wayne Airport in Santa Ana, California 92707 (the "Premises"). Compl., ECF No. 1-1, ¶ 1. On June 13, 2018, Aviation and Delux entered into an agreement (the "License") under which Delux would license the Premises from Aviation. Id. ¶ 4. Under its terms the License expires when a master lease (the "Master Lease") between Aviation and its master lessor expires. Id. ¶ 5. That Master Lease expired on December 31, 2020. Id. ¶ 6. Delux continues to be in possession of the Premises. Id. ¶¶ 7-8.

On January 19, 2021, Aviation filed its Complaint in California Superior Court for the County of Orange. Id. The Complaint asserts a single claim of unlawful detainer. Id. The Complaint seeks several forms of relief: (1) restitution of the Premises and a declaration that the License is forfeited; (2) damages at the rate of $282.35 for each day on and after January 1, 2021, during which Delux remains in possession of the Premises;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-200 JVS (DFMx) | Date | March 3, 2021 |
| Title | Aviation Consultants, Inc. v. Delux Public Charter, LLC et al. | | |

(3) reasonable attorney's fees; (4) costs; and (5) "such other and further relief as the court deems just and proper." Id. at 3. The Complaint also "remits and disclaims any monetary claim in excess of $74,000.00." Id. ¶ 11. On January 28, 2021, Delux removed this case to federal court. Notice of Removal, ECF No. 1.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quoting Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c); see also Maniar v. FDIC, 979 F.2d 782, 786 (9th Cir. 1992). A district court lacks power to order a remand in violation of Section 1447(c). Id.

## III. DISCUSSION

Aviation argues that this Court does not have jurisdiction over this case. Mot. at 4-7. There is no dispute that this Court does not have federal-question jurisdiction over an unlawful detainer action. See id. at 5; Opp'n at 1. The Court therefore turns to diversity jurisdiction.

Under 28 U.S.C. § 1332, this Court has diversity jurisdiction so long as "the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the Parties are diverse. Aviation does not challenge that the Parties are diverse. Cf. Notice of Removal ¶¶ 9, 10 (noting that Aviation is a citizen of California while Delux is a citizen of Texas and Delaware). The main issue is therefore whether the amount in controversy exceeds $75,000.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-200 JVS (DFMx) | Date | March 3, 2021 |
| Title | Aviation Consultants, Inc. v. Delux Public Charter, LLC et al. | | |

"Where, as here, it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, 'the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.'" Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 416 (9th Cir. 2018) (quoting Urbino v. Orkin Services. of Cal., Inc., 726 F.3d 1118, 1121–22 (9th Cir. 2013)). The amount in controversy includes "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648-49 (9th Cir. 2016) (citing Chabner v. United of Omaha Life Insurance Co., 225 F.3d 1042, 1046 n.3 (9th Cir. 2000)). "[W]here the initial pleading seeks nonmonetary relief, the notice of removal may assert the amount in controversy." Silverstein v. Keynetics, Inc., 2018 WL 5795776, at *2 (C.D. Cal. Nov. 5, 2018) (citing 28 U.S.C. § 1446(c)(2)).

To determine the amount in controversy, the Ninth Circuit applies the "either viewpoint" rule, which examines "the pecuniary result to either party which the judgment would directly produce." In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 958 (9th Cir. 2001).[1] " In other words, where the value of a plaintiff's potential recovery . . . is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes." Id. To determine the amount in controversy, the Court can rely on facts presented in the petition for removal as well as "summary-judgement-type evidence relevant to the amount in controversy at the time of removal." Matheson v. Progressive Specialty Insurance Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting Singer v. State Farm Mutual Automobile Insurance Co., 116 F.3d 373, 377 (9th Cir. 1997)).

The Court concludes that Delux has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. Notably, Delux submitted a declaration with its Notice of Removal stating that Delux's eviction would result in Delux losing $8 million in revenue. Wilcox Decl., ECF No. 1-4, ¶ 8. This revenue stems from ticket sales

---

[1] Aviation claims that the "either viewpoint" rule is not applicable to cases where the amount in controversy is clear from the face of the complaint. Mot. at 6. Aviation cites no authority for this assertion. Moreover, the amount in controversy is not clear from the face of the complaint because Aviation seeks injunctive relief and attorney's fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-200 JVS (DFMx) | Date | March 3, 2021 |
| Title | Aviation Consultants, Inc. v. Delux Public Charter, LLC et al. | | |

that Delux has made in reliance on Aviation's promise to provide a two-year "transition period" to Delux, if allowed by the County, following the expiration of the Master Lease on January 1, 2021. Id. ¶¶ 6-7. Aviation does not challenge Aviation's estimate of this cost to Delux for complying with the injunctive relief sought. Rather, Aviation claims that while it seeks to evict Delux, it is not seeking injunctive relief. Mot. at 6; Reply at 2-3. This is wrong; eviction is a form of injunctive relief. Consequently, the cost of eviction to Delux is properly considered in determining the amount in controversy.

Consequently, it is clear that the injunctive relief sought alone makes the amount in controversy in this case greater than $75,000. The Court therefore finds there is no need to consider how much the attorney's fees Aviation seeks adds to the amount in controversy. Cf. Opp'n at 6-7. Because this Court has diversity jurisdiction over this case, the Court **DENIES** the motion to remand.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion. The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15. Hearing set for March 22, 2021, is ordered **VACATED**.

**IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |