MATTHEW A. HODEL (SB# 93962)
Email: mhodel@hodelwilks.com
HODEL WILKS LLP
4 Park Plaza, Suite 640
Irvine, California 92614
Telephone: (949) 450-4470

Specially Appearing Attorneys for
Defendant Delux Public Charter, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| AVIATION CONSULTANTS, INC., a California corporation, dba ACI JET,<br><br>Plaintiff,<br><br>vs.<br><br>DELUX PUBLIC CHARTER, LLC, a Delaware limited liability company; DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE NO. 8:21-cv-00200-JVS-DVM<br><br>**DELUX PUBLIC CHARTER, LLC OPPOSITION TO COOLEY LLP'S MOTION TO WITHDRAW AS COUNSEL; AND SUPPORTING DECLARATION OF RAYMOND L. MOSS**<br><br>**REQUEST FOR JUDICIAL NOTICE FILED UNDER SEPARATE COVER**<br><br>**DATE:** October 18, 2021<br>**TIME:** 1:30 PM<br>**DEPT:** 10C<br>**JUDGE:** HON. JAMES V. SELNA |

Defendant Delux Public Charter, LLC d/b/a JSX Air ("JSX") opposes Cooley LLP's ("Cooley") motion to withdraw as its counsel in this matter. As will be discussed, JSX respectfully requests that the court:

(1) Defer ruling on this motion until Judge Staton completes her in-camera investigation of and rules on a similar motion made by Cooley in the related case known as *Delux Public Charter, LLC, d/b/a JSX Air et al. v. County of Orange et al.* (Case No. 8:20-CV-2344-JLS (KESx)) (the "Related Case").

(2) Or conduct its own fact-finding of the allegations made in the instant motion, including an in-camera review. In particular, the court should be interested in ascertaining whether the City of Newport Beach, in litigation of important public interest (that being the Related Case and potentially this case) is acting in bad faith by making false accusations of a conflict of interest.

(3) Stay this action, and vacate the current trial date and all pending deadlines, and reset them only after this motion is decided.

## I. BACKGROUND—AN IMPORTANT MOTION WITH NO FACTS

It is an understatement to say that this motion, even as circumspect as some withdrawal motions must be, is bare-bones. It basically has no facts. Why is the firm seeking to withdraw in litigation of such public significance? We see only this explanation in the single declaration supporting the motion: "Multiple professional considerations require the termination of Cooley's representation of JSX, including that it has become unreasonably difficult for Cooley to carry out its representation of JSX effectively." (Docket #35-2, O'Connor Declaration ¶ 11). That was not helpful to anyone. This motion leaves out a lot of important facts.

1    First, the motion never mentions the existence of the Related Case where
2    Cooley has made a similar motion to withdraw. That motion is now the subject of
3    an in-camera proceeding and has been deferred until November 12, 2021. (See
4    Minute Order, *infra*.)
5    The Related Case began on December 14, 2020, when JSX, and its affiliate,
6    filed an action against the County of Orange and its airport director, Barry
7    Rondinella (collectively "the County"), seeking to enjoin the County from
8    imposing or enforcing illegal airport access restrictions against them.  (See JSX's
9    Request for Judicial Notice in Support of Its Opposition to Cooley LLP's Motion to
10   Withdraw as Counsel ("RJN") RJN Document #1, initial complaint in the Related
11   Action, filed concurrently with this opposition).
12   The Related Case was necessitated by the County's signing a new lease a
13   month earlier, in November 2020, with a Fixed Based Operator ("FBO") at the
14   airport, Aviation Consultants, Inc. d/b/a ACI Jet ("ACI Jet").  The County included
15   a restriction in that new lease ("Lease Restriction") requiring ACI Jet to prohibit
16   JSX's operations from ACI Jet's FBO facility. Due to the Lease Restriction, ACI
17   Jet terminated JSX's ability to operate out of its FBO facility at the airport as of
18   January 1, 2021.  JSX successfully obtained a TRO in the Related Case against the
19   County on December 21, 2020, enjoining the County from enforcing the Lease
20   Restriction.  Nonetheless, on January 4, 2021, ACI Jet (undoubtably working at
21   least in part to please the County of Orange), filed the instant action in state court –
22   later removed by JSX to this court.  (See the current operative complaint in the
23   Related Case (RJN Documents ##'s 2 and 3, TRO and amended complaint)).
24    In the Related Case the court has deferred hearing that motion until
25   November 12, 2021 so the court can conduct an in-camera investigation. (See RJN
26   Document 9, Civil Minute Order in the Related Action which denied Cooley's
27   request for an ex parte ruling on the motion to withdraw and ordering Cooley: "to
28

submit an in-camera declaration pursuant to L.R. 79-6 as to the 'multiple professional considerations that necessitate its withdrawal.'")

This motion here should not be decided until a decision on the same motion is made in the Related Case. There Cooley was at least slightly more forthcoming by revealing (something it does not do here) that the need to withdraw had its genesis in a conflict assertion made by the City of Newport Beach. There Cooley explained:

> "On June 23, 2021, the City of Newport Beach ('City'), a former Cooley client, advised Cooley that the City believed Cooley's prior representation of the City might create a conflict of interest with Cooley's representation of Plaintiff in this case. (O'Connor Decl. ¶ 4.) The City did not ask Cooley to withdraw as counsel for Plaintiffs or make any other demands then, and the City is not a party to this matter. Following this one communication, the City did not raise the issue again until five weeks later, on July 30, 2021, when the City informed Cooley that the City believed Cooley did have a conflict of interest and demanded that Cooley immediately withdraw from its representation of Plaintiffs. The City's allegations are meritless. However, the City's demands to Cooley gradually increased in number, scope, and aggressiveness. In response, Cooley sent a letter to the City making clear that Cooley did not have any conflict with the City with respect to their prior engagement and explaining in detail why the City's allegations were meritless."

(RJN Document #5, Memorandum of Points and Authorities in Support of Cooley LLP's Ex Parte Application to Withdraw as Counsel of Record at pg. 3)

JSX (Plaintiff in the Related Case) opposed Cooley's application to withdraw and asked the court to investigate, based upon these concerns and issues:

- Why does Cooley need to withdraw, especially on an ex parte basis, when the firm explicitly and consistently asserts that the conflict allegations are utterly false? Cooley has told JSX's outside General Counsel and its co-counsel in the Related Case (who are also co-counsel in the instant case) that there was no conflict arising from the prior representation of the City of Newport Beach. Cooley

also said that the City of Newport Beach's allegations were "completely baseless," and "made for purely tactical reasons and in bad faith." Cooley expressed a "high degree of confidence" that it would defeat any motion to disqualify brought by the City of Newport Beach. (Attached Declaration of Raymond L. Moss, JSX's outside General Counsel ("Moss Decl.") at ¶ 4) (RJN Document 7, Opposition to Cooley LLP's Ex Parte Application to Withdraw as Counsel, testimony from declarants Raymond L. Moss at ¶ 5 and Richard K Bridgford at ¶ 8)

- The court ought to be vitally interested in getting to the bottom of whether the City of Newport Beach is engaging in improper and unethical tactics in a matter of public interest affecting the integrity of the judicial process:[1]

> "The instant matter is significant to this county. The dispute is whether Plaintiffs should be allowed to assert their access rights to John Wayne Airport. Plaintiffs make important allegations, including challenges to the constitutionality of actions and agreements affecting their use of the airport. Those allegations were found by the court to be worthy enough for a TRO and scheduling of a preliminary injunction hearing. (¶) Plaintiffs should be allowed to keep their chosen lawyers, especially when those lawyers have been lead counsel since the inception. (¶)Given the stakes, the court, for the purpose of protecting the integrity of this process, should be interested in getting to the bottom whether there is any basis for the conflict assertion by the City of Newport Beach. Is it correct, as Cooley has told its clients, that the City is asserting these allegations in bad faith and for purely tactical reasons?"

(RJN Document # 7, pp. 3-4)

---

[1] *Comden v. Superior Court*, 20 Cal.3d 971, 978 (1978)("It would be naive not to recognize that the motion to disqualify opposing counsel is frequently a tactical device .. ."); *Zador Corp. v. Kwan*, 31 Cal.App.4th 1285, 1303 (1995) ("motions to disqualify counsel often pose · the very threat to the integrity of the judicial process that they purport to prevent. Such motions can be misused to harass opposing counsel, to delay the litigation, or to intimidate an adversary into accepting settlement on terms that would not otherwise be acceptable. In short, it is widely understood by judges that 'attorneys now commonly use disqualification motions for purely strategic purposes.'") (Citations omitted.).

1    The opposition also pointed out the extreme prejudice the clients would
2    suffer if Cooley, lead counsel in whom they had made a substantial investment, was
3    allowed to precipitously withdraw.  (RJN Document # 7, declaration testimony
4    from JSX's outside General Counsel Raymond Moss at ¶¶ 4-5 and Cooley's co-
5    counsel, Richard Bridgford at ¶¶ 2-3 and 9).
6    As stated above, in the Related Case the court found these reasons
7    compelling enough to refuse to rule on the request on an ex parte basis. Instead, it
8    ordered an in-camera investigation and deferred a hearing on the request until
9    November 12, 2021.  (RJN Document #9).

11   **II.     NONE OF THIS IS JSX'S FAULT**
12   This motion does not explicitly state that JSX has done anything to warrant
13   Cooley's seeking to withdraw. Never explaining why, the motion cites to California
14   Rule of Professional Conduct 1.16 (b)(4), (b)(9), (b)(10). One of those provisions,
15   (b)(4) refers to "the client by other conduct renders it unreasonably difficult for the
16   lawyer to carry out the representation effectively."  Nowhere in its papers, however,
17   does Cooley identify anything about JSX's "conduct" that warrants withdrawal.
18   Nor could it reasonably do so. JSX has done nothing wrong. The ethical concerns
19   raised by Cooley all originate with the conflict of interest allegations made by the
20   City of Newport Beach.  (Moss Decl. at ¶ 6)

22   **III.    PREJUDICE TO JSX**
23   JSX should not have to lose its lead counsel of choice, especially with the
24   discovery cutoff looming (See Docket #27 in the instant case, Order for Jury Trial
25   and setting various deadlines, including a discovery cutoff of November 30, 2021).
26   Contrary to the assertions made in this motion, Cooley has been and is lead counsel
27   in the Related Case and in the instant case. The other counsel of record play only a
28   secondary role. It also is aggressive advocacy for Cooley to assert that JSX is

1  "represented" by JSX's outside General Counsel, Raymond Moss, in this litigation.
2  (Docket 35-2, O'Connor Declaration at ¶ 5).  Mr. Moss is just that, outside General
3  Counsel. He is not counsel of record. He is not admitted to practice before this court
4  or in the state of California. He is not about to move to California and start
5  personally litigating this case. (Moss Decl. at ¶¶ 7-11)(See also RJN Document #7,
6  Moss Declaration ¶¶ 2-4 and 7-10 and Bridgford Declaration at ¶¶ 2-3 and 9-11)

**IV.   CONCLUSION AND JSX'S REQUESTS**

Based on the above, JSX respectfully requests that the court:

(1)   Re-set this motion to be heard after November 12, 2021 so that the court has the benefit of the ruling, including the findings from the in-camera investigation, to be made by Judge Staton in the Related Case.

(2)   Alternatively, the court conduct its own in-camera investigation.

(3)   Deny this motion due to its failure of proof.

(4)   Stay this action, and vacate the trial date and all current deadlines, and reset them only after this motion is decided.

DATED: September 27, 2021          HODEL WILKS LLP

By:     /s/ Matthew A. Hodel
           MATTHEW A. HODEL

Specially Appearing Counsel for Defendant
Delux Public Charter, LLC

# **DECLARATION OF RAYMOND MOSS**

Raymond L. Moss, declares:

1. I am outside General Counsel for defendant Delux Public Charter, LLC ("JSX"), have been so since inception of this litigation. I have personal knowledge of the matters set forth in this declaration, and if called as a witness I could and would competently and truthfully testify as follows.

2. For the background and foundation for my testimony, I respectfully refer the court to my declaration filed in the Related Case (attached to RJN Document #7). In this declaration I supplement that testimony pertinent to Cooley's motion to withdraw in the instant case.

3. Cooley only very recently informed us that it believed it needed to withdraw from this case and that it would do so even without our consent.

4. Cooley has stated to me, without qualification, that the conflict accusations made by the City of Newport Beach are completely baseless. Cooley has told me that it does not believe it has any conflict whatsoever arising from any prior representation of the City of Newport Beach. It has told me that the City of Newport Beach's accusations are made for purely tactical reasons and in bad faith. Cooley has stated that it has a high degree of confidence that if any motion to disqualify were made against the firm that it could and would successfully defeat such a motion.

5. Despite our requests for information to help us understand the allegations made by the City of Newport Beach, Cooley has provided us with only limited and insufficient information for us to evaluate these claims. It has not provided us with all correspondence to and from the City of Newport Beach relevant to these allegations and that which it has provided has been heavily redacted.

OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL

6. It would be false for Cooley to assert that any conduct by JSX would serve as grounds for its withdrawal as our counsel of record. Any tension in our relationship is the result of Cooley's informing of us, at this advanced stage of the litigation and after we have invested considerable time and expense into the firm, of its concerns over the conflict allegations made by the City of Newport Beach and the firm's request to withdraw as our counsel of record, despite that it has explicitly said, as I state above, that it has no conflict arising from its prior relationship with the City of Newport Beach.

7. JSX has made a significant monetary investment in retaining and paying for Cooley services both in the instant case and in the Related Case.

8. As is true in the Related Case, Cooley is lead counsel in the instant case. The other two counsel of record play only a secondary and limited role.

9. It will be extremely prejudicial to JSX to have to change counsel at this point. From the beginning of the Related Case and the instant action, Cooley, because of its regulatory and aviation expertise, has been and is still lead counsel in charge of the overall management of both cases.

10. Cooley's co-counsel on this case, the law firm of Bridgford, Gleason and Artinian LLP, are not, and never have been, lead counsel. Nor does the Bridgford law firm have special expertise in aviation and regulatory matters like the Cooley firm does. The Bridgford firm was hired for a special and limited purposes and it is a small law firm (four attorneys) and it does not have the resources or size to act as lead counsel.  Our other counsel in the instant action, Cadden Fuller LLP, is also a small law firm, is not an aviation law firm and does not have sufficient knowledge of or background in the Related case. It was brought in because of its special expertise in procedural matters in unlawful detainer actions.

11. I'm not counsel of record in this matter. I function purely as outside General Counsel for JSX. I am not admitted to practice before this court and I am not and have never been a member of the California Bar Association. Nor am I

an expert on aviation and/or/related aviation regulatory law or California unlawful detainer law. I reside on the East Coast.

12. This case and its potential outcome are of extreme importance to Defendant.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed September 27, 2021 at Atlanta, Georgia

RAYMOND L. MOSS