TROUTMAN PEPPER HAMILTON SANDERS LLP
Steven D. Allison, Bar No. 174491
steven.allison@troutman.com
Samrah R. Mahmoud, Bar No. 285168
samrah.mahmoud@troutman.com
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

BRIDGFORD, GLEASON & ARTINIAN
Richard K. Bridgford, Bar No. 119554
Richard.Bridgford@Bridgfordlaw.com
Michael H. Artinian, Bar No. 203443
Mike.Artinian@Bridgfordlaw.com
26 Corporate Plaza, Suite 250
Newport Beach, CA 92660
Telephone: (949) 831-6611
Facsimile: (949) 831-6622

Attorneys for Defendant
DELUX PUBLIC CHARTER, LLC

*[Counsel continued on next page.]*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

|  |  |
|---|---|
| AVIATION CONSULTANTS, INC., a California corporation, dba ACI JET, <br><br> Plaintiff, <br><br> v. <br><br> DELUX PUBLIC CHARTER, LLC, a Delaware limited liability company; DOES 1 through 10, Inclusive, <br><br> Defendants. | Case No.  8:21-cv-00200-JVS (KESx) <br><br> **NOTICE OF MOTION AND MOTION TO CONSOLIDATE AND/OR STAY PROCEEDING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> [Proposed Order Lodged Concurrently] <br><br> Judge:      Hon. James V. Selna <br> Magistrate Judge:  Hon. Karen E. Scott <br><br> Date:        March 7, 2022 <br> Time:        1:30 p.m. <br> Courtroom:   10A |

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1  *[Counsel continued.]*

2  CADDEN & FULLER LLP
   Thomas H. Cadden, Bar No. 122299
3  tcadden@caddenfuller.com
   Ignacio J. Lazo, Bar No. 105945
4  ilazo@caddenfuller.com
   2050 Main Street, Suite 260
5  Irvine, CA 92614
   Telephone: (949) 788-0827
6  Facsimile:  (949) 450-0650

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

CASE NO: 8:21-CV-00200-JVS (KESX)
NOTICE OF MOTION AND MOTION TO
CONSOLIDATE AND/OR STAY

## NOTICE OF MOTION AND MOTION TO STAY PROCEEDING

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on March 7, 2022, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 10C of the above-captioned court, before Honorable James V. Selna, located at 411 W. Fourth St., Santa Ana, CA 92701, Defendant Delux Public Charter, LLC ("JSX") will, and hereby does, move for an Order consolidating this matter with *Delux Public Charter, LLC d/b/a JSX Air and JetSuiteX, Inc. v. County of Orange, California, a charter county and Barry Rondinella in his official capacity as Airport Director of John Wayne Airport*, Case No. 8:20-cv-02344-JVS (KESx) ("Prior Lawsuit") and deferring ruling on this matter until after the Prior Lawsuit has been resolved on the merits, and/or granting JSX's request to stay this proceeding pending resolution of the Prior Lawsuit.  This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on January 21, 2022 and on January 28, 2022.

The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the [Proposed] Order filed herewith, on all of the files and records of this action, and on any additional material as may be elicited at the hearing of this Motion.

Dated: February 4, 2022 TROUTMAN PEPPER HAMILTON
SANDERS LLP


By:_____*/s/ Steven D. Allison*_____
Steven D. Allison
Samrah R. Mahmoud

Attorneys for Defendant
Delux Public Charter, LLC

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ..................................................................................... 1

II.  FACTUAL AND PROCEDURAL BACKGROUND REGARDING
RELEVANT ENTITIES ........................................................................ 3

    A.  The Relevant Entities ................................................................. 3

    B.  JSX Is Already Litigating Whether JSX Can Be Denied Access
to JWA Through ACI's FBO In The Prior Lawsuit ............................ 4

    C.  ACI Took Steps To Mislead JSX Regarding ACI's Role In The
County Defendants' Agenda Against JSX ........................................ 5

    D.  The Prior Lawsuit Is Primed To Better Assess The Issues
Involving JSX's Rights to Access ACI's FBO At A Publicly
Regulated And Funded Space ............................................................. 8

III.  ARGUMENT ........................................................................................... 8

    A.  The Court Should Consolidate The Two Actions .............................. 8

    B.  The Court Should Stay This Matter .................................................. 12

        1.  The Court should apply the first-to-file doctrine to stay
this proceeding .......................................................................... 12

        2.  JSX's request for a discretionary stay is also proper ............... 15

IV.  CONCLUSION ...................................................................................... 19

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abstract Inv. Co. v. Hutchinson,*
204 Cal. App. 2d 242 (1962) ............................................................. 17

*Alltrade, Inc. v. Uniweld Prods., Inc.,*
946 F.2d 622 (9th Cir. 1991) ....................................................... 12, 14

*Asuncion v. Superior Court,*
108 Cal. App. 3d 141 (1980) ............................................................ 17

*Backgrid USA, Inc. v. Enttech Media Grp. LLC,*
Case No. CV 20-6803-RSWL-RAOx, 2020 WL 6888723 (C.D.
Cal. Oct. 1, 2020) .......................................................................... 13

*CMAX, Inc. v. Hall,*
300 F.2d 265 (9th Cir. 1962) ........................................................... 15

*Figueroa v. Autozoners, LLC,*
Case No. 2:18-cv-01106-ODW, 2019 WL 11023547 (C.D. Cal.
Jan. 31, 2019) ............................................................................... 13

*Gatlin v. United Parcel Serv., Inc.,*
Case No. 2:18-cv-03135-SVW-AS, 2018 WL 10161198 (C.D. Cal.
Aug. 23, 2018) .............................................................................. 13

*Habtemariam v. Vida Cap. Grp., LLC,*
No. 2:16-cv-01189-MCE-GGH, 2017 WL 627404 (E.D. Cal. Feb.
14, 2017) ........................................................................................ 9

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.,*
787 F.3d 1237 (9th Cir. 2015) ..................................................... 12, 14

*Landis v. N. Am. Co.,*
299 U.S. 248 (1936) .................................................................. 12, 15

*Lockyer v. Mirant Corp.,*
387 F. 3d 1098 (9th Cir. 2005) ........................................................ 15

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

ii

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Marshall Bank v. Twelve Oaks Partners, LLC*,
   No. EDCV 10-209 AG, 2012 WL 12894706 (C.D. Cal. Aug. 10,
   2012)...................................................................................................... 9

*Martin-Bragg v. Moore*,
   219 Cal. App. 4th 367 (2013)............................................................... 17

*Mehr v. Superior Court*,
   139 Cal. App. 3d 1044 (1983)............................................................... 17

*Pro Values Props., Inc. v. Liang*,
   No. CV 14-08884 BRO, 2014 WL 12560862 (C.D. Cal. 2014)........................ 16

*Schweiger v. Superior Court*,
   3 Cal. 3d 507 (1970)............................................................................ 17

*Wallerstein v. Dole Fresh Vegetables, Inc.*,
   967 F. Supp. 2d 1289 (N.D. Cal. 2013)................................................. 13

*Wheel Grp. Holdings, LLC v. Cub Elecparts, Inc.*,
   No. EDCV 17-01294 JVS (PLAx), CV 17-05956 JVS (PLAx),
   2017 WL 10592126 (C.D. Cal. Nov. 2, 2017) .................................... 10

**Statutes**

Airline Deregulation Act .............................................................. 1, 8, 16

Airport Noise and Capacity Act .......................................................... 1, 8

California's Unfair Competition Law.......................................................... 8

**Other Authorities**

Fed. R. Civ. P. 42(a) ........................................................................ 9, 10

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This dispute is not a simple unlawful detainer action.  Rather, this lawsuit is part of Plaintiff Aviation Consultants, Inc.'s ("ACI") concerted efforts with the County of Orange ("County") and the Airport Director for the John Wayne Airport ("JWA") (collectively, "County Defendants") to unlawfully prohibit Defendant Delux Public Charter, LLC ("JSX") from operating at JWA, a federally funded and regulated public space.  Stated differently, ACI's efforts to evict JSX, if successful, would mean that ACI and the County Defendants have accomplished their illegal goal: to preclude JSX from operating at JWA in violation of federal and state law, including the Fourteenth Amendment, Airport Noise and Capacity Act ("ANCA"), and Airline Deregulation Act ("ADA").  ACI's eviction efforts must be stayed or otherwise deferred until the Court can adjudicate these constitutional, federal, and common law claims or until County Defendants and ACI provide JSX reasonable and nondiscriminatory access to JWA as they are required to do under federal law.

The adjudication of the County Defendants' illegal conduct is already pending in *Delux Public Charter, LLC d/b/a JSX Air et al. v. County of Orange et al.*, Case No. 8:20-CV-02344-JVS (KESx) ("Prior Lawsuit"), which was previously pending before Judge Staton and is now pending before this Court.  In the Prior Lawsuit, Judge Staton granted a temporary restraining order ("TRO") enjoining the County Defendants from enforcing an illegal lease restriction in its master lease with ACI that prevented JSX, and only JSX, from operating at ACI's Fixed Base Operator ("FBO").  Though County Defendants told the Court at the TRO hearing that there could be other reasonable accommodations provided to JSX besides ACI's FBO leasehold—where JSX has been operating since 2018—the County has in fact rejected over eight reasonable accommodations proffered by JSX.  Further, all other FBOs either lack the facilities to serve JSX or appear to have been intimidated by the County from doing so.  In short, ACI's FBO is the *only*

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

reasonable accommodation currently available for JSX at JWA.

Having effectively foreclosed all other options for JSX to access JWA on reasonable and nondiscriminatory terms, the County Defendants enlisted ACI to refuse access to JSX, which further helped Defendants essentially do what they could not do through the enjoined lease restriction—foreclose JSX from JWA. ACI concealed its role in the County Defendants' illegal scheme including by representing to JSX that ACI would continue to lease to JSX through at least the end of 2022 if not for the County Defendants' interference. And yet documents produced by the County in the Prior Lawsuit in August 2021 revealed ACI stands to benefit from doing the County's bidding, as ACI is still negotiating the terms of its 35-year lease and attempting to receive valuable concessions from the County related to that lease. Given this information, ACI's further conduct against JSX, including drastic fuel and service rate hikes and its continued attempts to evict JSX, is placed in new light. As a result, JSX has promptly sought leave to amend to add ACI into the Prior Lawsuit.

Regardless, whether JSX's motion for leave to amend in the Prior Lawsuit is granted, however, the Court should consolidate this matter with Case No. 8:20-cv-02344-JVS (KESx) to allow for further management or phasing of the two actions to avoid unnecessary cost or delay. Given the common questions of fact and/or law that need to be adjudicated first, JSX agrees with the suggestion raised by the Court at the January 31, 2022 status conference to coordinate the lawsuits by first resolving the Prior Lawsuit before adjudicating what remains of the unlawful detainer proceeding. JSX contends that this would be the most economical and efficient manner to try these cases. Additionally, the Court should stay this unlawful detainer proceeding pending resolution of the Prior Lawsuit. The Court has the power to do so under either the "first-to-file" doctrine or under its inherent discretion as discussed further below. Because JSX has no other place to operate at JWA due to Defendants' illegal conduct, JSX would suffer irreparable hardships

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

and inequity should the Court grant ACI's unlawful detainer suit without first ordering the County Defendants and ACI, whom JSX alleges is a government actor, to provide JSX reasonable and nondiscriminatory access to JWA as the law requires.[1]

## II. FACTUAL AND PROCEDURAL BACKGROUND REGARDING RELEVANT ENTITIES.

### A. The Relevant Entities.

JSX, a small, on-demand air carrier, has continuously provided innovative, safe, economical, and federally authorized air transportation services to the public at JWA since June 2018. (Am. Compl. for Jury Trial in Prior Lawsuit ("FAC in Prior Lawsuit"), ECF 60, ¶ 1 (June 17, 2021).) JSX complies with all applicable laws and regulations and is currently the highest rated air carrier in the country according to third-party customer satisfaction surveys. (*Id.*) It operates 30-seat aircraft and has never had a safety incident or accident. (*Id.*)

JSX, with its partner, JetSuiteX, Inc., offers a unique, convenient alternative to the large, well-funded air carriers (colloquially referred to as the airlines) by (a) providing access to small airports and underserved cities not regularly serviced by the large airlines, and (b) providing the traveling public a unique alternative to traditional airlines, where customers can take advantage of a fast, terminal-free, and socially distanced boarding and travel experience (particularly during a pandemic) where the operations are safe, legal, and quieter than any other commercial operator at JWA and involve Transportation Security Administration ("TSA")-approved and compliant security process that is fast and convenient. (*Id.* at ¶¶ 2, 30.)

---

[1] JSX understands that, at the January 31, 2022 Status Conference, the Court has stayed this matter until the February 28, 2022 Status Conference. Given the discussions with the Court about when JSX intended to file a motion to consolidate and/or stay of this proceeding, JSX is now filing this motion to be in compliance with JSX's statements to the Court that it would be prepared to file it this week.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1   ACI is known as a full-service FBO at JWA that offers aircraft operators

2   ground-based services, such as fuel and a location for non-Security Identification

3   Display Area ("non-SIDA") customers to board aircrafts.  (*See id.* ¶¶ 10, 67, 68.)

4   In June 2018, JSX received a license from JWA and began operating at JWA

5   through ACI's FBO.  (*Id.* ¶ 68; Dec. of Alex Wilcox in Support of Plaintiffs' Ex

6   Parte App. in Prior Lawsuit, ECF 6-5 ¶ 40 (Dec. 13, 2020).)

7   Lastly, the County of Orange, a municipal corporation that owns and

8   operates JWA, and the current Interim Airport Director Richard Francis, in his

9   official capacity, have engaged in a systematic effort with ACI to prohibit JSX's

10   operations at the Airport.  (FAC in Prior Lawsuit, ECF 60 ¶¶ 3, 32, 33.)  It is now

11   also clear that ACI conspired with the County Defendants and engaged in efforts to

12   prohibit JSX from operating at the federally funded and public JWA.

**B.  JSX Is Already Litigating Whether JSX Can Be Denied Access to JWA Through ACI's FBO In The Prior Lawsuit.**

14   JSX began operating out of ACI's FBO at JWA in 2018.  (*Id.* ¶¶ 67, 68.)  In

15   the fall of 2020, the Board of Supervisors ("Board") for the County of Orange

16   awarded the Northeast Full-Service FBO Lease to ACI.  (FAC in Prior Lawsuit, Ex.

17   K, ECF 60-11 at 2; *see also* FAC in Prior Lawsuit, ECF 60 ¶ 15.)  This 35-year

18   lease agreement between the County and ACI contained an illegal lease restriction

19   that effectively prohibited JSX, and only JSX, from operating at ACI.  (FAC in

20   Prior Lawsuit, ECF 60 ¶¶ 84, 89; Temporary Restraining Order in Prior Lawsuit

21   ("TRO in Prior Lawsuit"), ECF 25 at 4 (Jan. 3. 2021).)  This same illegal lease

22   restriction was inserted in the lease for at least one other FBO at JWA.  (FAC in

23   Prior Lawsuit, ECF 60 ¶¶ 82, 84.)  Because the County arbitrarily required JSX to

24   operate out of FBOs in order to operate as a non-SIDA side air carrier, and because

25   all FBOs who could serve JSX were prohibited from doing so, this illegal lease

26   restriction foreclosed JSX's access to JWA against JSX's constitutional, federal,

27   and common law rights.  Indeed, some of the members of the Board even indicated

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

that their specific intent was to exclude JSX from operating at ACI's FBO and thus JWA.  (TRO in Prior Lawsuit, ECF 25 at 3 (finding by Judge Josephine L. Staton[2] that "the Court is unpersuaded that the Lease Restriction was not an action by the County aimed at restricting JSX's access to John Wayne Airport").  This was the original impetus behind the Prior Lawsuit that JSX filed on December 14, 2020. (FAC in Prior Lawsuit, ECF 60 ¶ 90.)

### C.    ACI Took Steps To Mislead JSX Regarding ACI's Role In The County Defendants' Agenda Against JSX.

In the Prior Lawsuit, the Court held a TRO hearing on December 23, 2020— for which ACI provided three written declarations, submitted documents, and provided testimony as one of two witnesses.  (Dec. of William Borgsmiller in Supp. of App. for TRO in Prior Lawsuit, ECF 6-4 ¶¶ 1-13 (Dec. 13, 2020); Dec. of William Borgsmiller in Supp. of Defs.' Opp'n to Pls.' Ex Parte App in Prior Lawsuit, ECF 12-6 ¶¶ 1-12 (Dec. 16, 2020); Reply in Supp. of Pls.' Ex Parte App. for TRO in Prior Lawsuit, ECF 13-5 ¶¶ 1-5 (Dec. 17, 2020); Supp. Dec. of Lauren Kramer in Supp. of Defs.' Opp'n to Pls.' Ex Parte App. in Prior Lawsuit, ECF 14-1 ¶ 4, Ex. A (Dec. 18, 2020); Pls.' Resp. to Defs.' Dec. of Lauren Kramer in Prior Lawsuit, ECF 17 at 2-4 (Dec. 21, 2020); Minutes of Pls.' Ex Parte App. for TRO in Prior Lawsuit, ECF 18 at 1 (Dec. 23. 2020).)  ACI's conduct in relation to the restriction that eliminated JSX's access to ACI's FBO was also the subject of video testimony, which Judge Staton found to be more credible than certain portions of the live testimony proffered by ACI's CEO, William Borgsmiller.  (TRO in Prior Lawsuit, ECF 25 at 4-5.)  Upon consideration of the evidence, the Court granted a TRO on January 3, 2021 to enjoin

---

[2] The Prior Lawsuit was previously assigned to Judge Josephine L. Staton, who presided over the Prior Lawsuit from December 2020, through a TRO proceeding, and until January 19, 2022, when it was reassigned to this Court.  (Order to Reassign Case Due to Self-Recusal Pursuant to General Order 21-01 in Prior Lawsuit, ECF 118.)

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

the enforcement of the illegal lease restriction that precluded JSX's access at ACI's FBO.  (*Id.* at 1-2.)  Throughout this period, ACI largely maintained, except for one statement that the Court found not credible, that it would have continued to lease to JSX but for the County's interference.  (Ex. J to Dec. of Steven D. Allison in Support of Motion for Leave to File Second Am. Compl. in Prior Lawsuit ("TRO Hr'g Tr. in Prior Lawsuit"), ECF 124-3, Ex. J at 16:2-5 (testimony from Mr. Borgsmiller during the TRO hearing before Judge Staton that "[he] ha[s]n't changed [his] position that [he] would be willing to provide JSX services at [his] FBO").)

Nonetheless, ACI filed this unlawful detainer action against JSX on January 19, 2021, and it was subsequently removed to this Court on January 28, 2021.  (ECF 1 ¶ 1.)  JSX continued to believe that ACI, once free from the County's interference, would continue to honor its obligations to lease to JSX consistent with federal law, particularly in light of its prior assurances that it would continue to lease to JSX.  JSX further attempted to pay rent to ACI; however, ACI rejected JSX's rent payments and told JSX on May 9, 2021, to cease rent payments as ACI considered it "completely antithetical to good faith negotiations,"[3] which JSX believed would be forthcoming.

Accordingly, because of ACI's efforts to mislead JSX and to conceal its conspiracy with the County Defendants to preclude JSX from reasonable and non-discriminatory access to JWA, JSX did not add ACI into the Prior Lawsuit at that time.  The County Defendants also represented to JSX and to the Court at the TRO hearing that there were several other reasonable accommodations for JSX's operations at JWA, including other FBOs.  (TRO Hr'g Tr. in Prior Lawsuit, ECF 124-3, Ex. J at 59:10-12; 53:18-54:7; 55:14-18; Dec. of Barry Rondinella in Support of Defs.' Opp'n to Pls.' Ex Parte App. in Prior Lawsuit, ECF 12-1 ¶ 11 (Dec. 17,

---

[3] JSX has correspondence to support this but did not attach it because it, in part, deals with settlement communications.  Upon the Court's request, JSX would be able to provide a redacted version to the Court to the extent ACI contests that JSX has attempted to pay rent.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545

2020).)    JSX spent months pursuing other avenues of reasonable and non-discriminatory access at JWA only to learn that the other FBOs suggested by County Defendants could not or would not lease to JSX (which evidence suggests is because of the County's interference) and to ultimately have had more than eight of its proffered reasonable accommodations summarily rejected. (*See, e.g.*, Pls.' Notice of Mot. and Mot. for Leave to File Second Am. Compl. in Prior Lawsuit ("Mot. to Amend in Prior Lawsuit"), ECF 124 at 12-13 (Jan. 24, 2022); Dec. of Alex Wilcox in Support of Mot. for Leave to File Second Am. Compl. in Prior Lawsuit, ECF 124-6 ¶¶ 3-4 (Jan. 24. 2022); Dec. of Raymond L. Moss in Support of Mot. for Leave to File Second Am. Compl. in Prior Lawsuit, ECF 124-9 ¶¶ 8-9, ECF 124-12 at Ex. F, ECF 124-13 at Ex. G (Jan. 24, 2022); *see also* Ex. J to FAC in Prior Lawsuit, ECF 60-10, Ex. J at 4.)

It was not until the latter half of 2021 that JSX was provided evidence establishing that ACI is in fact a co-conspirator of the County, with real rewards and incentives for complying with the County's plan to illegally oust JSX from JWA. (Mot. to Amend in Prior Lawsuit, ECF 124 at 15.)  This evidence came in the form of documents produced by the County in August 2021 and letters sent by ACI to JSX throughout December 2021 and January 2022 raising JSX's fees for fuel and services to exorbitant amounts. (*Id.* at 15-16.)  By that point, however, JSX's representation was already hampered due to an alleged conflict asserted by a third-party, the City of Newport Beach ("the City") against JSX's former lead counsel, Cooley LLP. (*Id.* at 14-15.)  This conflict issue was disputed and litigated for many months from approximately June 2021 to December 2021, and Judge Staton issued a stay in the Prior Lawsuit from September 2021 to January 2022 and the Court stayed this matter from October 2021 to January 2022. (*Id.*; ECF 42, 56.)

/ / /

/ / /

/ / /

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**D.     The Prior Lawsuit Is Primed To Better Assess The Issues Involving JSX's Rights to Access ACI's FBO At A Publicly Regulated And Funded Space.**

After the stay was lifted in the Prior Lawsuit, JSX diligently filed a motion for leave to amend to, among other things, add ACI into the Prior Lawsuit based on newly discovered evidence as detailed further in JSX's motion for leave to file a second amended complaint in the Prior Lawsuit.  (Mot. to Amend in Prior Lawsuit, ECF 124.)  The proposed SAC primarily adds allegations and causes of action against ACI and amends certain allegations against the County and current Interim Airport Director.  Specifically, it adds the following causes of action against ACI: (a) federal preemption and violation of the Airport Noise and Capacity Act; (b) federal preemption and violation of the Airline Deregulation Act; (c) deprivation of equal protection under the Fourteenth Amendment; (d) interference with prospective economic relations; (e) breach of written contract; (f) promissory estoppel; (g) fraud/intentional misrepresentation; (h) violation of California's Unfair Competition Law; (i) conspiracy to commit constitutional violations; and (j) conspiracy to commit tortious conduct.  (Prior Lawsuit, ECF 124 at 16-17.)  It further adds allegations against the County and current Interim Airport Director related to their ongoing misconduct after the repeal of the lease restriction, including the ongoing intimidation of FBOs to deny JSX access.  (*Id.*)

Now that JSX has retained new lead counsel, JSX files this motion to (1) consolidate the two matters to allow for further management or phasing and to avoid unnecessary cost or delay; and (2) stay the ruling on the unlawful detainer action pending the resolution of the Prior Lawsuit.

## III.     ARGUMENT

### A.     The Court Should Consolidate The Two Actions.

JSX requests that the Court consolidate the two matters to allow for further management and phasing of the two matters so as to avoid unnecessary cost or delay.

/ / /

8

Under Rule 42(a) Consolidation, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(1)-(3).  The purpose of consolidation, where cases share common questions of law or fact, "is to enhance trial court efficiency by avoiding unnecessary duplication of proceedings and effort[,]" and it "also guards against the risk of inconsistent adjudications." *Habtemariam v. Vida Cap. Grp., LLC*, No. 2:16-cv-01189-MCE-GGH, 2017 WL 627404, at *3 (E.D. Cal. Feb. 14, 2017) (finding unopposed request met standard to consolidate loan interest assignee's unlawful detainer action against individual with individual's lawsuit regarding wrongful foreclosure because both cases related to discharge of debt on mortgage and individual sought related relief in both actions).

First, the Court should exercise its discretion to consolidate the two matters because both actions involve common questions of fact.  Fed. R. Civ. P. 42(a); *see also Marshall Bank v. Twelve Oaks Partners, LLC*, No. EDCV 10-209 AG (OPX), 2012 WL 12894706, at *2 (C.D. Cal. Aug. 10, 2012) (finding cases arise out of the same set of facts revolving around the same loan and granting consolidation request where issues in one action will mirror another party's issues in another action). Whether or not leave to amend is granted in the Prior Lawsuit, both lawsuits specifically implicate factual issues related to the County Defendants' and ACI's respective conduct and coordinated efforts that relate to excluding and denying JSX access at ACI's FBO at JWA, a federally funded and public airport.  ACI and the County Defendants indeed agreed in writing to adopt and implement an illegal lease restriction at ACI's FBO, which prevented JSX, and only JSX, from operating at ACI's FBO.  (FAC in Prior Lawsuit, ECF 60 ¶¶ 82-84.)  The facts surrounding their agreement to adopt an illegal restriction or to otherwise exclude JSX implicate not only the Prior Lawsuit but these common factual issues also implicate questions regarding whether ACI is permitted to evict JSX through the use of an unlawful

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1    detainer proceeding.

2        Furthermore, ACI's involvement in the Prior Lawsuit's TRO proceeding is

3    particularly telling of the overlapping questions of fact.  Its submissions of

4    declarations and/or documents during the TRO proceeding through *both* JSX and the

5    County Defendants highlight ACI's specific access to information that is important

6    to both lawsuits' pursuit of addressing whether denying JSX's access to ACI's FBO

7    at JWA is permitted.  (*E.g.*, Prior Lawsuit, ECF 6-4, 12-6, 13-5, 14-1, 17.)  In fact,

8    ACI's CEO, Mr. Borgsmiller, was submitted as one of only two witnesses at the TRO

9    proceeding in the Prior Lawsuit.  (Prior Lawsuit, ECF 18.)  Moreover, in issuing the

10   TRO, Judge Staton also watched a video containing Mr. Borgsmiller's statements

11   about ACI's conduct in relation to the restriction that eliminated JSX's access to

12   ACI's FBO, where Judge Staton found the video testimony to be more credible than

13   certain portions of Mr. Borgsmiller's live testimony.  (TRO in Prior Lawsuit, ECF

14   25 at 4-5.)  Thus, facts regarding ACI's conduct and its attempts to evict JSX,

15   particularly within the context of the County Defendants' and ACI's illegal scheme

16   to foreclose JSX from JWA, are necessarily common to both lawsuits.

17       Second, the Court should also exercise its discretion to consolidate the two

18   matters because both actions involve common questions of law. Fed. R. Civ. P. 42(a).

19   In fact, this Court has considered whether the actions involve the same alleged

20   obligations in the context of consolidation motions.  *E.g.*, *Wheel Grp. Holdings, LLC*

21   *v. Cub Elecparts, Inc.*, No. EDCV 17-01294 JVS (PLAx), CV 17-05956 JVS (PLAx),

22   2017 WL 10592126, at *3 (C.D. Cal. Nov. 2, 2017) (consolidating action brought by

23   Wheel Group with another breach of contract action where a separate party sued

24   Wheel Group and where Wheel Group's argument in one action was based in part on

25   alleged wrongful conduct at issue in other action).  ACI's attempts to evict JSX

26   through an unlawful detainer action are closely related to the issues in the Prior

27   Lawsuit, such that both lawsuits specifically implicate legal issues related to the

28   County Defendants' and ACI's concerted efforts to deprive JSX of important

constitutional and statutory rights, *i.e.*, its right to access JWA, a federally funded and public airport, on a reasonable and non-discriminatory basis. Indeed, the unlawful detainer matter cannot be severed from the adjudication of JSX's constitutional and statutory right to access ACI's FBO on a reasonable and nondiscriminatory basis. Even if ACI contends the only issue in the unlawful detainer action is whether the lease expired, ACI's request is essentially asking the court to enforce an eviction that would violate the Constitution, federal statutes, and common law rights without ever considering those issues.

Accordingly, JSX agrees with the suggestion raised by the Court at the January 31, 2022 status conference to coordinate the actions by first proceeding to resolve the Prior Lawsuit before adjudicating what remains of the unlawful detainer proceeding, as JSX agrees that this would be the most economical and efficient manner to try these actions. As the Court has re-iterated during the January 31, 2022 status conference, this is not a simple unlawful detainer action, but rather there are common issues in both cases, including but not limited to what rights ACI has to evict JSX under state and federal law, how ACI came by those rights, and whether JSX can be restricted from ACI's FBO through ACI's attempt to evict.

The interests of judicial convenience further outweigh any potential for confusion, delay, and prejudice. In fact, consolidating the matters to streamline the issues as the Court suggested by first proceeding with the Prior Lawsuit would indeed avoid further confusion. Also as addressed before the Court at the same status conference, ACI's manufactured prejudice and delay arguments are belied by the facts. Although ACI has implied that it will suffer damage from a stay because it has alleged that JSX is a "holdover tenant," JSX attempted to pay rent to ACI but ACI rejected JSX's rent payments and told JSX to cease rent payments as ACI considered it "completely antithetical to good faith negotiations." Further, JSX has continued to pay for fuel and handling at ACI, despite ACI's increasing rates. ACI notified JSX that its rates for fuel and services were set to increase even further starting January

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

2022, which makes ACI's rates well above the rates charged by any other FBO at which JSX operates at other airports. (Mot. to Amend in Prior Lawsuit, ECF 124 at 15, ECF 124-6 ¶ 6, ECF 124-8 at 2.) Nonetheless, JSX paid nearly $2 million to ACI in 2021, which dwarfs the amount of rent ACI claims it is owed. Further, JSX remains willing to pay both the back rent that ACI rejected and future rent at rates consistent with the Parties' prior rental agreement. As such, as discussed at the hearing, JSX intends to meet and confer with ACI before the hearing on this motion about potential stipulations regarding rent, which would remedy any potential delay or prejudice issues, to the extent there were any.

Accordingly, there are questions of law and/or fact that are common to both lawsuits at issue. The Court should therefore consolidate the actions to allow further management or phasing of the litigation (including staying this matter pending resolution of the Prior Lawsuit as addressed further below) so as to avoid unnecessary cost or delay. Specifically, JSX believes that the actions should be coordinated to allow JSX's Constitutional, federal statutory, and state law claims to be heard before ruling on the unlawful detainer proceeding.

### B.    The Court Should Stay This Matter.

Either in conjunction with consolidation or separately, JSX would also request that the Court stay this matter pending resolution of the Prior Lawsuit either under the "first-to-file" doctrine or under the *Landis* factors.

#### 1.    *The Court should apply the first-to-file doctrine to stay this proceeding.*

The "first-to-file" rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015); *see also Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (intending to "serve[] the purpose of promoting efficiency well and should not be disregarded lightly"). This rule is "a generally recognized

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

doctrine of federal comity" permitting a district court to decline jurisdiction over an action, and it is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and potentially conflicting judgments. *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1292 (N.D. Cal. 2013).

Indeed, district courts in the Ninth Circuit have held the "first-to-file" rule is not limited to cases brought in different jurisdictions. *Id.* at 1294. Judges in the Central District of California have agreed with this reasoning or otherwise applied this rule with respect to cases pending within the same district. *Figueroa v. Autozoners, LLC*, Case No. 2:18-cv-01106-ODW (MRWx), 2019 WL 11023547, at *1 (C.D. Cal. Jan. 31, 2019); *Gatlin v. United Parcel Serv., Inc.*, Case No. 2:18-cv-03135-SVW-AS, 2018 WL 10161198, at *3-4 (C.D. Cal. Aug. 23, 2018); *see also Backgrid USA, Inc. v. Enttech Media Grp. LLC*, Case No. CV 20-6803-RSWL-RAOx, 2020 WL 6888723, at *2 (C.D. Cal. Oct. 1, 2020).

Courts analyze three factors in determining whether to apply the "first-to-file" rule: (1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues. *Wallerstein*, 967 F. Supp. 2d at 1293. Each of these factors apply in favor of staying the later-filed unlawful detainer matter.

First, there is no dispute that the Prior Lawsuit was filed first on December 14, 2020 (before the instant matter was initiated in state court on January 19, 2021 and removed to federal court on January 28, 2021). (ECF 1 at 2; Compl. for Declaratory Relief and Injunctive Relief in Prior Lawsuit ECF 1.) The chronology of the actions themselves favors staying the unlawful detainer action. *See Wallerstein*, 967 F. Supp. 2d at 1292 (explaining the doctrine is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent possibility of conflicting judgments).

Second, if JSX is allowed to amend its complaint in the action in the Prior Lawsuit to name ACI, the similarities of the parties also favor staying the later filed unlawful detainer matter. Courts have held that the "first-to-file" rule does not

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

require exact identity of the parties. *Kohn Law Grp.*, 787 F.3d at 1240.  Rather the rule requires only substantial similarity of parties.  *Id.*  The parties can still be substantially similar when one party is not named in the present action. *Alltrade*, 946 F.2d at 624 & n.3, 629 (affirming district court decision not to hear a second filed case under the "first-to-file" rule even though the first-filed case contained a defendant not named in the second case).  Here, this factor favors staying this unlawful detainer action because if the Court allows amendment, then all of the relevant parties here—namely ACI and JSX—will already be part of the Prior Lawsuit.  Moreover, a contrary holding would allow a party to skirt the "first-to-file" rule merely by omitting one party from a second lawsuit. *Kohn Law Grp.*, 787 F.3d at 1240.

Third, the similarities of the issues also indicate that staying the matter before this Court is appropriate.  To meet the last factor, the issues in both cases also need not be identical, only substantially similar. *Kohn Law Grp.*, 787 F.3d at 1240.  To determine whether two suits involve substantially similar issues, we look at whether there is "substantial overlap" between the two suits. *Id.* at 1241.  Here, there is substantial overlap, and the suits involve not only similar but intertwined issues.

As discussed above, ACI's attempts to evict JSX through an unlawful detainer action are closely related to the events at issue in the Prior Lawsuit.  Both lawsuits specifically deal with issues that arise from events related to the County Defendants' and ACI's concerted efforts to exclude JSX from ACI's FBO and deprive JSX of important constitutional and statutory rights, i.e., its right to access JWA, a federally funded and public airport, on a reasonable and non-discriminatory basis.  Further, as ACI's involvement in the Prior Lawsuit—including its submission of declarations, documents, and testimony of its CEO, Mr. Borgsmiller—establishes, ACI is not simply an uninterested third-party to the Prior Lawsuit.  Rather, ACI's conduct and its attempts to evict JSX necessarily arise out of the County Defendants' illegal scheme to foreclose JSX from JWA.  Further, if leave to amend is granted, ACI's

conduct will be directly at issue in the Prior Lawsuit.

Moreover, these two matters also require the determination of the same or substantially related or similar questions of law and fact.  Again, the unlawful detainer matter cannot be severed from the adjudication of JSX's constitutional and statutory right to access ACI's FBO on a reasonable and nondiscriminatory basis. Even if ACI contends the only issue in the unlawful detainer action is whether the lease expired, ACI's request is essentially asking the court to enforce an eviction that would violate the Constitution without ever considering the issue.  And any Court order ruling on the unlawful detainer action would inadvertently moot the issues pending in the Prior Lawsuit before the Parties have a chance to make their arguments on the merits since eviction by ACI would mean eviction from JWA as the County Defendants and ACI have always intended.

Therefore, the Court should stay the unlawful detainer action during the pendency of the Prior Lawsuit pursuant to the first-to-file doctrine.

## 2.    *JSX's request for a discretionary stay is also proper.*

Alternatively, the Supreme Court has also long recognized that a district court may stay proceedings pursuant to its inherent power to "control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The competing interests that a district court must weigh in deciding whether to grant a stay include (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (applying factors set forth in *Landis*); *see also Lockyer v. Mirant Corp.*, 387 F. 3d 1098, 1110 (9th Cir. 2005).

/ / /

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Here, JSX would suffer irreparable harm should the unlawful detainer action be decided before its constitutional and statutory rights are adjudicated.  As discussed above, the two lawsuits are inevitably intertwined as both raise issues related to the County Defendants' and ACI's concerted efforts to exclude JSX from ACI's FBO and therefore effectively JWA.  Again, the County Defendants have set up a system where JSX can operate at JWA only from ACI and has then enlisted ACI to assist it with evicting JSX from ACI's FBO resulting in JSX having no reasonable and non-discriminatory access to JWA in violation of federal law.

Stated differently, if the Court were to rule in favor of ACI on an unlawful detainer action without first considering the underlying constitutional and statutory implications of ACI's attempts to evict JSX, it would functionally preclude JSX from being able to pursue redress under its constitutional, statutory, and also common law rights.  The harm would already be done—JSX would be illegally ousted from JWA and Defendants would have found an end-run-around the Court's TRO order enjoining them from enforcing the illegal lease restriction.  This would affect not only JSX but the overall air travel market, as it would force JSX to terminate flights into and out of JWA, including specific underserved routes that are not otherwise offered at JWA.  It would also foreclose JSX's federally approved business model from the Orange County market.  ACI's eviction of JSX, done in concert with the County Defendants, would therefore constitute a regulation of "rates, routes, and services" which is preempted by the ADA—one of the very issues that is litigated in the Prior Lawsuit.

Consequences like these are why California state courts dealing with unlawful detainer actions have long stayed or deferred ruling on unlawful detainer actions where there are constitutional or other important rights at stake.[4]  *See*

_____

[4] It is well-established that unlawful detainer actions arise out of California state law.  *See, e.g.*, *Pro Values Props., Inc. v. Liang*, No. CV 14-08884 BRO (JCx),

*Asuncion v. Superior Court*, 108 Cal. App. 3d 141, 146 (1980) (recognizing "a number of procedural devices exist to facilitate accommodating the eviction action with the fraud action which the Asuncions separately filed"); *Mehr v. Superior Court*, 139 Cal. App. 3d 1044, 1049 (1983) (applying *Asuncion* and reasoning that "[b]ecause of its summary character, an unlawful detainer action is not a suitable vehicle to try complicated ownership issues involving allegations of fraud"); *Abstract Inv. Co. v. Hutchinson*, 204 Cal. App. 2d 242, 255 (1962) (reversing and remanding unlawful detainer action after finding that defendant is entitled to challenge the unlawful detainer as a violation of their constitutional rights through assertions of equitable defenses); *Martin-Bragg v. Moore*, 219 Cal. App. 4th 367, 395 (2013) (finding trial court's determination of ownership issue within the summary unlawful detainer proceeding, and refusal to permit trial of the issue of title outside of those summary procedures, was abuse of discretion requiring judgment's reversal and remand for determination of parties' rights).

The need for a stay is more pronounced when enforcement of the unlawful detainer action would violate the tenant's constitutional rights. *See Abstract Inv. Co.*, 204 Cal. App. 2d at 252-53 ("Certainly, it is best for a court to pause, however long as may be necessary, albeit in summary proceedings, to afford one an opportunity to prove allegations of racial discrimination which, if found true, would proscribe the court from taking action under both the federal and state Constitutions."); *see also Schweiger v. Superior Court*, 3 Cal. 3d 507, 513-14 (1970) (applying reasoning stated in *Abstract* to prohibit eviction in retaliation against exercise of statutory rights).

Further, while many of these cases involve constitutional or other important rights that were raised as defenses in the unlawful detainer action itself, the same

_____

2014 WL 12560862 at *1 (C.D. Cal. 2014).  Accordingly, much of the case law on these issues is from California state courts.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1   logic applies where those issues are raised in related actions.  Regardless, where the

2   issues are raised, important Constitutional, statutory, and common law rights will

3   be deprived if the unlawful detainer action is decided first and isolated from

4   consideration of these rights.

5   Likewise, a stay pending resolution of the Prior Lawsuit could resolve many,

6   if not all, of the pending factual and legal issues in this matter, satisfying another

7   factor in favor of granting a stay.  In the event that the Court finds that ACI and the

8   County Defendants' concerted efforts to exclude JSX from JWA violates federal law,

9   then ACI's unlawful detainer action likewise is resolved.  And if the Court finds that

10  the County Defendants and/or ACI as a government actor is obligated to provide JSX

11  with other reasonable accommodations to access JWA, then the unlawful detainer

12  action may become moot.  Accordingly, as the Court has suggested at the January

13  31, 2022 status conference, and JSX agrees, allowing the Prior Lawsuit to proceed

14  first while staying the unlawful detainer proceeding would be most economical and

15  efficient to try these lawsuits.

16  Lastly, ACI would not face undue prejudice or damage from maintaining the

17  status quo pending resolution of the Prior Lawsuit.  Pursuant to the TRO in the Prior

18  Lawsuit, and the County's purported repeal of the illegal lease restriction, ACI cannot

19  be in breach of the Master Lease for not evicting JSX.  Further, this matter is not

20  significantly advanced such that fees or costs would be wasted.  Also as already

21  addressed before the Court, ACI's manufactured prejudice and delay arguments

22  based on the rent payments ACI refused to accept from JSX are self-imposed and can

23  be alleviated by a stipulation between the parties regarding rent.  Further, any

24  purported prejudice is significantly outweighed by JSX's interest in having its federal

25  and state rights enforced and the Court's interest in judicial efficiency and economy.

26  Accordingly, the Court should grant JSX's request and apply a discretionary stay.

27  / / /

28  / / /

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## IV.    <u>CONCLUSION</u>

For the reasons stated above, the Court should consolidate this matter with *Delux Public Charter, LLC d/b/a JSX Air et al. v. County of Orange et al.*, Case No. 8:20-CV-02344-JVS (KESx) to allow for further phasing and management of the litigation proceedings.  Additionally, whether or not in conjunction with the motion to consolidate, the Court should grant JSX's request to stay this matter pending resolution of Case No. 8:20-cv-02344-JVS (KESx).


Dated:  February 4, 2022                              TROUTMAN PEPPER HAMILTON
                                                                    SANDERS LLP


                                                          By: */s/ Steven D. Allison*
                                                                Steven D. Allison
                                                                Samrah R. Mahmoud

                                                                Attorneys for Plaintiffs
                                                                Delux Public Charter, LLC